CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 12 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CARTIER, a division of RICHEMONT NORTH AMERICA, INC. and CARTIER INTERNATIONAL, N.V., | ) ) ) ) Civil Action No. 7:06CV00597 |
| Plaintiffs, | ) **MEMORANDUM OPINION** |
| v. | ) ) By: Hon. Glen E. Conrad ) United States District Judge |
| FRANCIS T. BROWN, d/b/a CARTIER LIMOUSINE SERVICE, | ) ) ) |
| Defendant. | ) |

Plaintiffs, Cartier and Cartier International, N.V. (collectively "Cartier"), filed this action against Francis T. Brown, d/b/a Cartier Limousine Service, ("Brown"), for trademark infringement, false designation of origin, and dilution under the Trademark Act of 1946, 15 U.S.C. §§ 1051-1127, as amended, and the common law. The case is presently before the court on Brown's demand for a jury trial and Cartier's motion to strike the jury demand. Because Brown neither requested a jury trial in his answer nor filed the demand within ten days of submitting that pleading, he no longer has an automatic right to a jury trial. See Fed. R. Civ. P. 38(b). Thus, the court construes Brown's demand as a motion to grant a jury trial under Rule 39(b) of the Federal Rules of Civil Procedure. For the following reasons, the court will grant Brown's motion and deny the motion filed by Cartier.

"[T]he decision to grant a jury trial pursuant to Rule 39(b) is committed to the discretion of the trial court." Malbon v. Pa. Millers Mut. Ins. Co., 636 F.2d 936, 940 (4th Cir. 1980). In exercising this discretion, the court may consider several relevant factors, including:

> (1) whether the issues are more appropriate for determination by a jury or a judge (i.e., factual versus legal, legal versus equitable,

> simple versus complex); (2) any prejudice that granting a jury trial
> would cause the opposing party; (3) the timing of the motion (early
> or late in the proceedings); [and] (4) any effect a jury trial would
> have on the court's docket and the orderly administration of
> justice.

Id. at n.11 (internal citations omitted).

Considering these factors, the court finds that they favor granting Brown's motion for a jury trial. First, Cartier's trademark claims encompass factual issues that are suitable for a jury to resolve. See Anheuser-Busch, Inc. v. L & L Wings, Inc., 962 F.2d 316, 318 (4th Cir. 1992) (noting that a claim for trademark infringement was "particularly amenable to resolution by a jury," since the jury was "well-suited to evaluating whether an 'ordinary consumer' would likely be confused," and "the likelihood of consumer confusion is an 'inherently factual' issue"). Moreover, because Brown's request for a jury trial was filed "well before the trial date," and when discovery was just beginning, "it is difficult for the [plaintiffs] to argue that they are prejudiced by such a request." Lawrence v. Hanson, 197 F. Supp. 2d 533, 537 (W.D. Va. 2002). Finally, a jury trial is not substantially more burdensome for the parties or the court. "While a jury trial may at times strain the court's docket, the manner in which it benefits the effective administration of justice far outweighs the scheduling difficulties it can cause." Id.

For these reasons, the court will grant Brown's motion for a jury trial and deny the motion to strike filed by Cartier. The Clerk is directed to send certified copies of this order to all counsel of record.

ENTER: This 11th day of June, 2007.

/s/ Jack Conrad
United States District Judge